Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
**FREEDOM LAW FIRM, LLC**
8985 S. Eastern Ave., Suite 350
Henderson, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Whitney Mitchell*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Whitney Mitchell,<br><br>    Plaintiff,<br><br> v.<br><br>Auto Mart LLC and Right- Now Recovery LLC,<br><br>    Defendant. | Case No.:<br><br>**Complaint for damages and injunctive relief**<br><br>**Jury trial demanded** |

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive,

COMPLAINT      — 1 —

and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged and protects consumers against debt collection uniformly among the States.

2. Whitney Mitchell ("Plaintiff"), by counsel, brings this action to challenge the actions of Right- Now Recovery LLC ("RNR"), with regard to RNR's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff, in connection with RNR's wrongful repossession of Plaintiff's car.

3. This Complaint also arises out of unlawful and deceptive actions committed by Auto Mart LLC ("Auto Mart" and together with RNR as "Defendants"), causing harm to Plaintiff, in connection with Auto Mart's wrongful repossession of Plaintiff's car.

4. Auto Mart violated multiple provisions of NRS 598, committed conversion, negligence and a breach of contract and implied contract against Plaintiff.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations

9. Plaintiff seeks declaratory relief, actual damages, statutory damages, consequential damages, punitive damages in an amount sufficient to punish Defendant and to deter others from like conduct, and attorneys' fees and costs.

## Jurisdiction

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

11. This action arises out of RNR's violations of the FDCPA and related Nevada statutes and causes of action.

12. Defendants are subject to personal jurisdiction in Nevada, as Auto Mart is registered with the Nevada Secretary of State and because each Defendant conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada by repossessing a vehicle that was purchased in Nevada, and owned by Plaintiff, a Nevada resident, and because Defendants contracted with each other to collect debt based on a Nevada contract, from a Nevada resident.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all the material conduct giving rise to this complaint occurred in Nevada

## Parties

14. Plaintiff is an individual and, at all times relevant, was a resident of Clark County, Nevada.

15. Auto Mart is in the business of selling used cars to Nevada consumers / financing car loans for Nevada consumers.

16. RNR is a company that repossesses vehicles, based in Panama City, Florida, and doing business in Clark County, Nevada.

17. RNR uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

COMPLAINT — 3 —

asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

18. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, acting by and through its agents and employees. These acts and failures to act were within the scope of the agency and/or employment, and Defendants ratified those acts and omissions.

19. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named defendants.

### Factual allegations

20. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

21. On or around November 16, 2019, Auto Mart sold Plaintiff a used 2012 Cadillac SRX (the "car").

22. The sale was made on credit and detailed in a written agreement (the "loan," "contract" or "agreement").

### Defendants unlawfully repossessed Plaintiff's car

23. Defendants illegally repossessed Plaintiff's vehicle when Plaintiff was not in default under the contract.

24. Under the contract, Plaintiff was responsible to pay $404.20, starting on December 21, 2019.

25. Plaintiff did not default on any of Plaintiff's obligations under the agreement.

26. Nevada law requires that "default" be defined as failure "to make a payment later than 30 days past the due date required by the agreement," as NRS 97.301

and NRS 97.299 directs the Commissioner of Financial Institutions to prescribe, by regulation, the contract that must be used, which was done in NAC 97.050.

27. The contract defines default as failure "to make a payment later than 30 days past the date required by the agreement. . . ."

28. NRS 104.9609 authorizes secured parties to exercise self-help repossession "after default."

29. The contract states that the first payment was due on December 21, 2019.

30. Defendants were contractually and statutorily prohibited from repossessing Plaintiff's vehicle, until after January 22, 2020, when he would be considered to be in default.

31. Defendants repossessed the car on or around January 9, 2020, when Plaintiff was not in default.

32. Before Plaintiff was considered in default, under the agreement and Nevada law, Defendants caused the car to be repossessed.

33. Many of Plaintiff's personal belongings were inside the vehicle at the time Defendants repossessed the vehicle. Defendants had absolutely no right to Plaintiff's personal property for any period of time.

**Allegations applicable to RNR**

34. Plaintiff is alleged to have owed a debt to Auto Mart for a car loan in or around December 2019 (the "debt").

35. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

36. Sometime thereafter, Defendant was assigned the right to collect on the debt, upon information and belief, by entering into a contract with Auto Mart.

37. RNR was unlawfully collecting an amount that was neither expressly authorized by any agreement nor permitted by law

38. As discussed above, RNR repossessed Plaintiff's vehicle before Plaintiff was in default under the contract and applicable law.

39. Defendant knew, or should have known by reviewing the contract, that Plaintiff could not have been in default since, at the time of repossession, Plaintiff was still within 30 days of his first payment.

40. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

## Plaintiff's Damages

41. Auto Mart is in the business of selling/financing cars and providing related services to consumers and acted willfully and recklessly when it repeatedly made false, misleading and deceptive representations to Plaintiff and repossessed his car before Plaintiff was in default—and even before Plaintiff's first payment was due.

42. As a result of Defendants' actions and failures to act, Plaintiff has suffered actual and consequential damages, and is entitled to recover actual, consequential, statutory and punitive damages, each in an amount to be determined at trial, as well as attorney's fees and costs.

43. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff incurred additional damages associated with Defendant taking Plaintiff's car and belongings for a substantial time, including lost opportunities and interest. Plaintiff further suffered humiliation and embarrassment when Plaintiff's

employer was notified that Plaintiff's car was repossessed and when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

44. In addition, Plaintiff seeks a declaratory ruling that the agreement with Auto Mart is void and unenforceable against Plaintiff.

## First Cause of Action
## Breach of Contract
## – Against Auto Mart –

45. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

46. Defendant breached the agreement when it, among other things, wrongfully repossessed the car when Plaintiff was not in default.

47. As a result of Defendant's breach of contract, Plaintiff has suffered actual damages in an amount to be determined at trial, plus loss of use and consequential damages in an amount to be determined at trial.

48. Plaintiff is entitled to recover attorneys' fees and costs if he prevails.

## Second Cause of Action
## Breach of Implied Contract
## – Against Auto Mart –

49. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

50. "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

51. Every contract contains an implied covenant requiring that neither party act to disrupt the other's ability to enjoy the benefit of the bargain. Furthermore,

COMPLAINT — 7 —

where a contract provides one of the parties with discretion or sole authority to carry out obligations under the agreement for the benefit of the other party, the party enjoying such discretion and authority may not abuse it or exercise it in such a manner so as to deprive the other party of the benefits of the contract.

52. Defendant breached the implied covenant of good faith and fair dealing when it, among other things, wrongfully repossessed the car when Plaintiff was not in default.

53. By failing to meet its obligation to in good faith attempt to uphold the intention and spirit of the contract, Defendant breached the implied covenant of good faith and fair dealing.

54. As a direct result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at trial.

55. Defendant's conduct was oppressive, malicious, and fraudulent such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

### Third Cause of Action
### Deceptive Trade Practices NRS 598
### – Against Auto Mart –

56. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

57. Defendant violated numerous provisions of NRS 598. Thus, Plaintiff is entitled to remedies under NRS 41.600 and NRS 598.

### Violations of NRS 598.0915

58. NRS 598.0915 states:
    A person engages in a 'deceptive trade practice,' if in the course of his or her business occupation, he or she:

> (2)  Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease.
> …
> (5)  Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.
> …
> (7) Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model.
> …
> (9)  Advertises goods or services with intent not to sell or lease them as advertised.
> …
> (13)  Makes false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions.
> …
> (15)  Knowingly makes any other false representation in a transaction.

59. Defendant violated each of the above provisions of NRS 598 when it, among other things, wrongfully repossessed the car when Plaintiff was not in default, and by making other misrepresentations and conducting the deceptive actions described above, in violation of NRS 598.0915.

### Violations of NRS 598.092

60. NRS 598.092(4) states: A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she "fails to make delivery of goods or services for sale or lease within a reasonable time or to make a refund for the goods or services, if he or she allows refunds."

61. NRS 598.092(8) prohibits knowingly misrepresenting the legal rights, obligations or remedies of a party to a transaction.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

62. Defendant violated each of the above provisions of NRS 598.092 when it, among other things, wrongfully repossessed the car when Plaintiff was not in default, and by making other misrepresentations and conducting the deceptive actions described above, in violation of NRS 598.092.

**Violations of NRS 598.0923**

63. NRS 598.0923 states that a person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly "Fails to disclose a material fact in connection with the sale or lease of goods or services."

64. NRS 598.0923(3) states: "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services."

65. Defendant violated NRS 598.0923 when it, among other things, wrongfully repossessed the car when Plaintiff was not in default, and by making other misrepresentations and conducting the deceptive actions described above, in violation of NRS 598.0923.

**Remedies Under NRS 41.600(3) for Violations of NRS 598**

66. NRS 41.600(1) states that an action may be brought by any person who is a victim of consumer fraud.

67. NRS 41.600(2) defines "consumer fraud" as a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925.

68. Plaintiff is entitled to recover actual and consequential damages pursuant to NRS 41.600(3)(a) in an amount to be determined at trial.

69. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c).

70. Defendants' conduct was oppressive, malicious, and fraudulent, such that an award of punitive damages is justified in order to punish Defendants and deter others from like conduct.

## Fourth Cause of Action

## Violations of NRS 104.9609 et seq.

### – Against Auto Mart –

71. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

72. In addition to the statutory and common law violation stated above, Defendant violated NRS 104.9609 and NRS 104.9611, entitling Plaintiff to remedies under NRS 104.9625.

73. Through the purchase of the vehicle, Plaintiff and Auto Mart entered into the Contract, which is subject to and governed by Nevada Uniform Commercial Code.

74. Auto Mart was subject to the duty of good faith and fair dealing.

75. Pursuant to NRS 104.1304, every contract subject to the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement.

76. Defendant did not deal fairly or in good faith with Plaintiff as evidenced by the fact that Defendant wrongfully repossessed the vehicle when Plaintiff was not in default as defined in the Contract and, thereafter, failed to provide Plaintiff a statutorily required Notice of Intended Disposition in violation of both NRS 104.9609 and NRS 104.9611.

### Violations of NRS 104.9609

### (Repossession Prior to Default)

77. NRS 104.9609 specifically states that "After default, a secured party may take possession of the collateral…" NRS 104.9609(1)(a).

78. As discussed above, the earliest possible default date, pursuant to the terms of the Contract was January 22, 2020.

79. As the vehicle was repossessed from Plaintiff prior to that date, Defendant wrongfully repossessed Plaintiff's vehicle, in violation of NRS 104.9609.

80. Due to the failure of Defendant to comply with NRS 104.9609, Plaintiff is entitled to statutory damages under NRS 104.9625, specifically NRS 104.9625(3)(b).

81. Additionally, per terms of the Contract, Plaintiff will be entitled to attorney's fees and costs should he prevail.

**Violations of NRS 104.9610**

**(Commercial Reasonableness)**

82. NRS 104.9610 requires that "every aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable." NRS 104.9610(2).

83. As Plaintiff is yet to be afforded discovery, it is unknown whether Defendant disposed of the vehicle in a commercially reasonable manner.

**Violations of NRS 104.9611 and NRS 104.9616**

**(Failure to Provide Notices)**

84. NRS 104.9611 states, "Except as otherwise provided in subsection 4, a secured party that disposes of collateral under NRS 104.9610 shall send to the persons specified in subsection 3 a reasonable authenticated notification of disposition." NRS 104.9611(2).

85. NRS 104.9616 states:
    In a consumer-goods transaction in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency under NRS 104.9615, the secured party shall:
    (a) Send an explanation to the debtor or consumer obligor, as applicable, after the disposition and:

    (1) Before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency; and

    (2) Within 14 days after receipt of a request; or

 (b) In the case of a consumer obligor who is liable for a deficiency, within 14 days after receipt of a request, send to the consumer obligor a record waiving the secured party's right to a deficiency.

86. Here, Plaintiff did not receive either a notice of intended disposition under NRS 104.9611 or an Explanation of Calculation of Surplus or Deficiency under NRS 104.9616.

87. As such, Defendant is in violation of NRS 104.9611 and NRS 104.9616 and Plaintiff is entitled to the remedies set forth in NRS 104.9625(3)(b) and NRS 104.9625(5).

**Remedies for Violations of NRS 104.9609 et. seq.**
**(Statutory Damages for Consumer Transactions)**

88. NRS 104.9625(3)(b) provides that "[i]f the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure **in any event an amount not less than** [a] the credit service charge plus 10 percent of the principal amount of the obligation or [b] the time-price differential plus 10 percent of the cash price." *Id*. (alteration and emphasis added); *see also In re Schwalb*, 347 B.R. 726, 755 (Bankr. D. Nev. 2006) (awarding damages under NRS 104.9625(3)(b), the statutory minimum penalty, of the credit service charge plus 10% of the original principal amount of the debt).

89. The time-price differential is calculated by subtracting the total cash sales price from the total sales price including the financing.

90. Statutory minimum damages are computed by adding the "credit service charge" or "time price differential" (that is, the finance charge) and ten percent of the "principal amount of the debt" (that is, the amount financed) or "cash price." *See*, *e.g.*, *Muro v. Hermanos Auto Wholesalers, Inc.*, 514 F. Supp. 2d 1343 (S.D. Fla. 2007) (showing calculations).

91. The "time price differential," a term used when the seller itself finances the sale, is the difference between the cash price and the total cost of purchasing the item on credit. (*Davenport v. Bates*, 61 U.C.C. Rep. Serv. 2d 541, 552–553 (Tenn. Ct. App. 2006)).

92. In this case, the total sales price is $21,401.60, and the total cash sales price is $11,326.29.

93. As such, in this case, the time-price differential is $10,075.31 ($21,401.60- $11,326.29).

94. Additionally, ten percent of the total cash sales price is $2,140.16 ($85.037.43 x 10% = $2,140.16).

95. 116. Therefore, Plaintiff is entitled to a total of $12,215.47 ($10,075.31 + $2,140.16) in minimum statutory damages under NRS 104.9625(3)(b).

96. Additionally, NRS 104.9625(5) provides for statutory damages of $500 for Defendant's failure to provide Plaintiff with the Explanation of Calculation of Surplus or Deficiency as required by NRS 104.9616.

### Fifth Cause of Action
### Conversion
### – Against Auto Mart –

97. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

98. In Nevada, an action for conversion will lie where there is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or

inconsistent with her title or rights therein or in derogation, exclusion, or defiance of such title or rights. *M.C. Multi-Family Development, L.L.C v. Cretdale Associates, Ltd.*, 124 Nev. Adv. Rep. 77, 193 P.3d 536, 542 (2008) (citing *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000)). Conversion is an act of general intent, and is not excused by care, good faith, or lack of knowledge. *Id*. Personal property need not be tangible in order to give rise to a conversion claim. *Id*. at pp. 77, 538.

99. Defendant committed the tort of conversion of personal property by wrongfully taking Plaintiff's vehicle when it had no right to do so, including Plaintiff's personal property inside the car, exerting dominion and control over Plaintiff's personal property in denial of Plaintiff's rights therein.

100. Plaintiff is entitled to actual damages in an amount to be proven at trial.

101. Plaintiff is entitled to punitive damages in an amount to be proven at trial.

102. Plaintiff is entitled to attorney's fees and costs.

## Sixth Cause of Action

## Negligence

## – Against Auto Mart –

103. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs.

104. Defendant owed various duties to Plaintiff pursuant to the statutes described herein.

105. At the very least, Defendant had a duty not to miscalculate the due date, not to wrongfully repossess the car, and not to misrepresent the facts to Plaintiff.

106. Defendant breached the duties by engaging in the acts described in this complaint, and, as applicable, in violation of the statutes alleged here.

107. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress, mental anguish, and additional financial harm, including out-of-pocket expenses.

108. Due to the egregious violations alleged, Defendant breached its respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

109. This conduct reveals Defendant's conscious disregard for Plaintiff's rights and thereby entitles Plaintiff to recover punitive damages.

## Seventh Cause of Action

## Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

## – Against RNR –

110. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

111. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

112. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt.

113. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

114. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

115. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

116. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

117. Defendant's conduct violated 15 U.S.C. § 1692f(6) in that Defendant took nonjudicial action to effect dispossession or disablement of Plaintiff's property when there was no present right to possession of the property claimed as collateral through any enforceable security interest and Plaintiff's car was exempt by law from such dispossession or disablement.

118. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

119. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Prayer for relief

120. Plaintiff respectfully requests that this Court grant Plaintiff the following relief from Auto Mart:

- Declaratory relief, declaring that the contract is void and unenforceable as against Plaintiff and that Defendant engaged in deceptive trade practices;
- Actual damages in excess of $15,000 in an amount to be determined at trial;
- Consequential damages in an amount to be determined at trial;
- Pre- and post-judgment interest;
- Punitive damages in an amount to be determined at trial;
- Attorneys' fees and costs; and
- Any other relief the Court may deem just and proper.

121. Plaintiff respectfully requests that this Court grant Plaintiff the following relief from RNR:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

### TRIAL BY JURY

122. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 5, 2021.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Counsel for Plaintiff Whitney Mitchell*