UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WHITNEY MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO MART LLC and RIGHT-NOW RECOVERY LLC,<br><br>    Defendants. | Case No. 2:21-cv-00020-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Whitney Mitchell's Motion to Extend Time to Serve Auto Mart LLC *nunc pro tunc*. ECF No. 10.

A review of the electronic docket in this matter reveals that Plaintiff filed a Complaint in federal court on January 5, 2021, with service on Defendants due by April 5, 2021. ECF No. 1. On January 6, 2021, a summons was issued for Defendant Right-Now Recovery, LLC. No record of service on this defendant is filed with the Court; however, Right-Now Recovery filed an answer to Plaintiff's Complaint on March 2, 2021. ECF No. 4. Plaintiff says that after filing this action and obtaining some unidentified co-counsel, Plaintiff believed Auto Mart would be dismissed or stayed by stipulation pending the outcome of an arbitration to be conducted before JAMS. ECF No. 10 at 2. Plaintiff further explains that in a prior state court action, based on substantially similar facts, Auto Mart moved to compel arbitration, to which Plaintiff agreed. *Id*. at 3.

Upon filing this matter, Plaintiff emailed counsel for Auto Mart explaining the commencement of the case, including a stipulation to dismiss the state court case, and discussing a stipulation to stay the federal court matter pending arbitration. ECF No. 10-9. Counsel for Auto Mart responded on January 6, 2021 stating Plaintiff should dismiss the federal court action and then he would talk to Plaintiff's counsel "regarding arbitration of [sic] case." *Id*.

Plaintiff filed his claims with JAMS on January 7, 2021, counsel for Auto Mart emailed JAMS on February 5, 2021 with contact information (ECF No. 10-8), on March 8, 2021 Plaintiff served his arbitration complaint and demand on Auto Mart (ECF No. 10-10), and on March 26, 2021,

1

JAMS issued a Notice of Intent to Arbitrate to all parties. ECF No. 10-11. In the Notice, JAMS states: "Under JAMS Minimum Standards of Procedural Fairness in Consumer Arbitrations, the consumer/Claimant is responsible for $250.00 of the Filing Fee. The company/Respondent must pay the remaining $1500.00. The Filing Fee must be paid by no later than April 9, 2021." *Id*. As of May 7, 2021, Auto Mart had not paid the JAMS filing fee. ECF No. 10 at 3. Plaintiff now seeks additional time to serve Auto Mart under Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) states, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff demonstrates good cause for his failure to serve Auto Mart by or before April 5, 2021. In January 2021, Auto Mart stated that arbitration before JAMS was the proper forum in which the matter had to proceed, and the same counsel responded to JAMS in February 2021 when JAMS sought contact information for defendant's counsel. Plaintiff served Auto Mart with his arbitration demand on March 8, 2021 (ECF No. 10-10), and JAMS served its Notice of Intent to Initiate Arbitration on March 26, 2021. ECF No. 10-11. Thus, Plaintiff appropriately pursued this action in Arbitration, which it believed was the forum in which he should proceed given the history of interactions with Auto Mart. Under these circumstances, the delay in serving Auto Mart is excused.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to Serve Auto Mart LLC *nunc pro tunc* (ECF NO. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have through and including May 25, 2021 (10 Court days) within which to serve this defendant.

Dated this 10th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE