UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WHITNEY MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>AUTO MART LLC and RIGHT-NOW RECOVERY LLC,<br><br>Defendants. | Case No. 2:21-cv-00020-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Whitney Mitchell's Motion to Extend Time to Serve Auto Mart LLC and to Effectuate Service by Alternative Means. ECF Nos. 12 and 13.

A review of the docket in this matter reveals that Plaintiff filed a Complaint in federal court on January 5, 2021, with service on Defendants due by April 5, 2021. ECF No. 1. On January 6, 2021, a summons was issued for Defendant Right-Now Recovery, LLC. No record of service on this defendant is filed with the Court; however, Right-Now Recovery filed an answer to Plaintiff's Complaint on March 2, 2021. ECF No. 4.

Plaintiff explains that in a prior state court action, based on substantially similar facts, Auto Mart moved to compel arbitration, to which Plaintiff agreed. ECF No. 12 at 3. Plaintiff alleges, however, that despite Defendant seeking to compel arbitration, Defendant failed to participate with JAMS for purposes of commencing the arbitration it sought to compel.

Upon filing this matter, Plaintiff emailed counsel for Auto Mart explaining the commencement of the case, including a stipulation to dismiss the state court case, and discussing a stipulation to stay the federal court matter pending arbitration. ECF No. 10-9. Counsel for Auto Mart responded on January 6, 2021 stating Plaintiff should dismiss the federal court action and then he would talk to Plaintiff's counsel "regarding arbitration of [sic] case." *Id*.

On May 10, 2021, the Court entered an Order extending the time within which Plaintiff could serve Defendant finding that "Plaintiff appropriately pursued this action in Arbitration, which it

believed was the forum in which he should proceed given the history of interactions with Auto Mart. Under these circumstances, the delay in serving Auto Mart is excused." ECF No. 11 at 2.

Plaintiff's current Motion demonstrates that Plaintiff attempted service on Defendant on May 12, 13, 17, and 19. ECF NO. 12-1 at 1. Plaintiff seeks additional time to effect service either by serving Defendant personally or locating the registered agent identified as Tina Chan. ECF No. 12 at 4. In the alternative, Plaintiff seeks to serve Defendant through the Nevada Secretary of State under Nev. R. Civ. P. 4.2(c)(3). *Id*. at 5.

Fed. R. Civ. P. 4(m) states, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff demonstrates good cause for his failure to serve Auto Mart by or before April 5, 2021. Thus, extending service through traditional means is appropriate.

Fed. R. Civ. P. 4(e) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(h) states:

> SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Thus, Rule 4(h) incorporates the service rules found in Rule 4(e)(1). Because Plaintiff has been unsuccessful in serving Defendant under Fed. R. Civ. P. 4(e)(1), Plaintiff seeks to serve Defendant under the Nevada law, which allows for service through the Nevada Secretary of State. Nev. R. Civ. P. 4.2(c)(3)(A). The Court finds such service appropriate.

Plaintiff further seeks the alternative of serving Defendant through electronic or U.S. Mail under Nev. R. Civ. P. 4.4. Plaintiff has met the requirements of this Rule. Thus, the Court finds alternative service appropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to Serve Auto Mart LLC (ECF No. 12) and Motion to Effectuate Service by Alternative Means (ECF No. 13) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have through and including **July 15, 2021** within which to serve Auto Mart LLC.

IT IS FURTHER ORDERED that Plaintiff shall effect service:

1. On the Nevada Secretary of State;

2. By electronically mailing a copy of the Summons, Complaint, the May 10, 2021 Order (ECF No. 11), and a copy of this Order to counsel for Defendant Corey Beck; and

3. By placing a copy of the Summons, Complaint, the May 11, 2021 Order (ECF No. 11), and a copy of this Order in First Class United States Mail, at the following addresses listed on the Nevada Secretary of State web site:

> Tina M. Chan
> Managing Member
> 6049 Boulder HWY,
> Las Vegas Nevada 89122
>
> Tina M. Chan
> 8404 GRANITE SPRINGS Court
> Las Vegas, Nevada 89139

IT IS FURTHER ORDERED that Plaintiff shall file a proof of service on the Nevada Secretary of State, electronically on Corey Beck, and by mail to Tina Chan within five days of effecting each service.

IT IS FURTHER ORDERED that the effective service date shall be **July 15, 2021**.

IT IS FURTHER ORDERED that Defendant's response to Plaintiff's Complaint shall be due on or before **August 5, 2021**.

Dated this 2nd day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE